# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 2:04CR22 LG-2 |
| | § | CIVIL NO. 2:07CV30 LG |
| | § | |
| MALCOLM HARTZOG | § | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

THIS CAUSE is before the Court on the Motion of Petitioner Malcolm Hartzog to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. Having considered the Motion, Response, Reply, the record, and the relevant law, the Court finds the Motion is not well taken and should be denied.

### FACTS AND PROCEDURAL HISTORY

In late 2004, Malcolm Hartzog was tried on charges of conspiring to distribute cocaine powder and cocaine base (crack), and possession with intent to distribute cocaine powder. The government presented the testimony of 22 witnesses, some of whom were Hartzog's co-conspirators. Hartzog testified on his own behalf. After a five-day trial, Hartzog was convicted on all counts. The Court sentenced him to a term of life imprisonment for the conspiracy conviction and a term of 360 months for the possession conviction. After his conviction and sentence, Hartzog filed an appeal. His grounds of appeal were: 1) Jencks Act and *Brady* violations by the prosecution; 2) Speedy Trial Act violations; 3) the drug quantity portion of the verdict form; 4) the Court's response to a note from the jury; 5) the Court's definition of "reasonable doubt," 6) sufficiency of the evidence; and 7) two sentencing issues. The Fifth Circuit affirmed the conviction and sentence. He now brings this collateral challenge to his

conviction pursuant to 28 U.S.C. § 2255.

EVIDENTIARY HEARING

The Court must first consider whether an evidentiary hearing is warranted in this case. After considering the record and all pleadings related to Hartzog's Motion to Vacate, the Court finds that an evidentiary hearing is unnecessary and thus denies Hartzog's request for a hearing.

MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE

The Legal Standard:

In considering a collateral challenge to a conviction and sentence under 28 U.S.C. § 2255, it is well settled that, absent countervailing equitable considerations, a district court will not adjudicate claims previously raised and rejected on direct review. *See Withrow v. Williams*, 507 U.S. 680 (1993). It is also well settled that a collateral challenge may not take the place of a direct appeal. *See United States v. Shaid*, 937 F.2d 228, 231 (5th Cir.1991) ("[A] collateral challenge may not do service for an appeal"). If a movant challenging his conviction and sentence pursuant to 28 U.S.C. § 2255 could have raised his constitutional or jurisdictional issues on direct appeal, he may not raise them for the first time on collateral review unless he shows cause for his procedural default and actual prejudice resulting from the error or that the constitutional violation has probably resulted in the conviction of one who is actually innocent. *See id.* at 232. To satisfy the "cause" standard, a movant must "show that some objective factor external to the defense prevented him from raising on direct appeal the claim he now advances." *United States v. Guerra*, 94 F.3d 989, 993 (5th Cir.1996). To satisfy the "prejudice" standard, a movant must show that the error he alleges "worked to his actual and substantive disadvantage, infecting his entire trial with error." *United States v. Frady*, 456 U.S. 152, 170 (1982). The

procedural bar does not apply, however, to claims which could not have been raised on direct appeal, such as those alleging ineffective assistance of counsel.

Ground Six is Procedurally Barred:

After review, the Court concludes that Ground Six - insufficiency of the evidence - is procedurally barred. "A claim of insufficient evidence 'is not a contention cognizable on a collateral motion under § 2255.'" *Davis v. United States*, 2008 WL 245409, *2 (N.D. Tex. Jan. 29, 2008) (quoting *Forrester v. United States*, 456 F.2d 905, 907 (5th Cir. 1972)). This claim is slightly different from the sufficiency of the evidence claim brought on appeal. The Fifth Circuit was asked to examine the evidence of a conspiracy to distribute cocaine powder. Hartzog argues here that there was insufficient evidence to convict him of conspiring to distribute crack. This claim should have been raised on appeal. *See* Ct. R. 193-2 p. 17-20. Furthermore, Hartzog's statement that "there was no evidence that Hartzog was selling crack or was involved in a conspiracy whereby persons purchasing cocaine from Hartzog were transforming the powder into crack" is belied by the record. Several witnesses gave testimony from which the jury could conclude that Hartzog was involved in a conspiracy to make and distribute crack.

Grounds Requiring a Showing of Cause and Prejudice:

As to Grounds One through Five, Seven and Eight, the Court finds that the record was sufficiently developed on direct appeal to allow Hartzog to raise these claims, but he did not do so. Because each of them could be of constitutional magnitude, the Court will examine Hartzog's arguments for a demonstration of cause for his default and resulting prejudice before engaging in a merits review.

A. Ground One:

Hartzog first argues that the Speedy Trial Act was violated when the Court granted three continuances of his trial date. He argues that none of the continuances complied with the requirement that the Court make specific, on the record findings in support of the continuances. Hartzog concedes that this issue was adjudicated on appeal, but contends that intervening Supreme Court case law allows the Court to address the issue on collateral review.

Hartzog relies on *Zedner v. United States*, 547 U.S. 489 (2006), decided June 15, 2006, but Hartzog's conviction was affirmed by the Fifth Circuit on July 13, 2006. Therefore, the rule announced in *Zedner* existed before his appeal was decided; it is not "new" in relation to Hartzog's motion, and so does not constitute "cause." Further, *Zedner* examined, among other things, whether a court made express findings on the record when granting a continuance and allowing the defendant to waive his Speedy Trial Act rights. *Id*. at 507. As the Speedy Trial time periods were twice analyzed by the Court at Hartzog's request, and the continuances granted in this case were properly supported with the Court's written reasons, the holding in *Zedner* would not affect Hartzog's conviction. *See* Order Denying Defendant's Motion to Dismiss for Lack of Speedy Trial, Ct. R. 100; Order Denying Defendant's Amended Motion to Dismiss for Lack of Speedy Trial, Ct. R. 107; and Order Granting Defendant's Ore Tenus Motion for Continuance, Ct. R. 119. Therefore, Hartzog suffered no prejudice. This claim is without merit.

B. Ground Two:

Hartzog claims he was denied a fair trial by the government's failure to reveal the true nature of its deal with witness Gregory James. Specifically, James testified that he was promised a downward departure by the government in exchange for his testimony, but he did not testify as

to any specific promises by the government. Hartzog asserts that James has argued in James's own case that the government promised him a six-point reduction but moved for only a three-point reduction. Thus, Hartzog argues that the jury did not have a full understanding of the government's bargain with James when it heard James's testimony against him.

Even assuming this is true, and Hartzog was unable to discover this information until after his appeal, the Court discerns no prejudice to Hartzog. The jury was informed that James had been promised favorable treatment by the government in exchange for his testimony. The number of points by which the government had promised to recommend that the Court reduce James' sentencing level, if it meant anything at all to the jury, could have had no more than a minimal impact on their assessment of James' credibility. This is particularly true given Hartzog's attorney's somewhat lengthy questioning of James about his arrangement with the government, culminating in:

> Q. Right. But if you gave up some people, if you set up some people, if you wore a wire and you told them that this one would sell me drugs and that one would sell me drugs and then you came through on your promises, [the government] would cut your time; right?
>
> A. At the time, [my attorney] didn't - - he didn't just really just explain that to me like that.
>
> Q. Let me ask you if you know it now.
>
> A. Yeah, I know it now.
>
> Q. And you're testifying because you know it now; right?
>
> A. Yes, sir.

Tr. 234-35. In the absence of a showing of prejudice to Hartzog, this claim is not reviewable.

C.  Grounds Three, Four, Five and Seven:

Hartzog alleges that the government committed prosecutorial misconduct by making improper argument and mischaracterizing certain out-of-court statements.  The government's arguments and statements during trial were obviously known to Hartzog at the time of his appeal, and he has advanced no reason why he was unable to bring these matters to the attention of the appellate court.  These claims are therefore procedurally barred for Hartzog's failure to show cause.

D.  Ground Eight:

Hartzog argues that the U.S. Marshals failed to segregate witnesses in holding cells during the trial, violating Federal Rule of Evidence 615.  Rule 615 states, in pertinent part, that "[a]t the request of a party the court shall order witnesses excluded so that they cannot hear the testimony of other witnesses."  While sequestration of witnesses is a "long-established and well-recognized" practice designed to increase the likelihood that testimony will be candid, it is not required by the due process clause.  *Bell v. Duckworth*, 861 F.2d 169, 170 (7th Cir. 1988).  This point of error could and should have been brought on appeal.  It is procedurally barred for Hartzog's failure to raise it on appeal.

E.  Grounds Nine, Ten and Eleven; Ineffective Assistance of Counsel:

In this portion of his Motion, Hartzog makes a number of claims of ineffective assistance of counsel.  In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court articulated the standard for establishing an ineffective assistance of counsel claim.  Hartzog must demonstrate both that: (1) his counsel's performance was deficient; and (2) counsel's deficient performance prejudiced his defense.  *Id*. at 687.  Counsel's performance was deficient if it "fell below an

objective standard of reasonableness." *Id*. at 688. Judicial scrutiny of counsel's performance must be "highly deferential." *Id*. at 689. A reviewing court should make every effort "to eliminate the distorting effects of hindsight" and to "evaluate the conduct from counsel's perspective at the time." *Id*.

Hartzog must demonstrate prejudice in addition to deficient performance. Deficient performance results in prejudice when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. at 694. The two prongs of the *Strickland* test need not be analyzed in any particular order. *See Goodwin v. Johnson*, 132 F.3d 162, 173 n.6 (5th Cir. 1998). If Hartzog fails to establish either prong of the *Strickland* test, then his claim of ineffective assistance of counsel must fail. *See Tucker v. Johnson*, 115 F.3d 276, 280 (5th Cir. 1997); *Bryant v. Scott*, 28 F.3d 1411, 1415 (5th Cir. 1994); *Williams v. Collins*, 16 F.3d 626, 631 (5th Cir. 1994).

Hartzog makes two allegations of ineffective assistance of counsel during trial and a more general allegation against counsel on appeal. First, Hartzog complains that his attorney failed to have evidence that Hartzog was never housed at the Harrison County Adult Detention Center readily available to impeach the testimony of co-conspirator/co-defendant Jackie Newsome. Hartzog's counsel called a DEA special agent to testify as to whether he knew if Hartzog and Newsome were ever housed at the HCADC at the same time, and the special agent said "I think they were housed at the same facility the day of arrest. And I think then, subsequently, they were transferred to different jails." Tr. 930. Even if it was error for counsel not to have proven to the jury that Hartzog and Newsome were held in different jails after arrest, the error had no effect on

Hartzog's guilt or innocence of possessing, distributing or conspiring to possess and distribute drugs. This assertion of ineffective assistance of counsel is without merit.

Second, Hartzog complains that trial counsel failed to object to several instances of prejudicial prosecutorial misconduct such as the government's "recreating" the content of cell phone calls purportedly made between Hartzog and Newsome where there was no evidence as to what was said on these calls; the government's implication, during Lesia Black's testimony, that Black had previously said that she purchased crack from Hartzog; the government's argument that Black's testimony supported the charge of conspiracy to distribute crack; the government's closing argument mischaracterization of Gregory Bourne's testimony regarding Hartzog's knowledge that Bourne was selling crack; and the government's violation of the court's sequestration order.

> a. Counsel's failure to object to the government's "recreating" the content of cell phone calls; the argument that Black's testimony supported the charge of conspiracy to distribute crack; the "mischaracterization" on closing of Gregory Bourne's testimony:

The argument to which Hartzog objects merely addressed the inferences the prosecutor was asking the jury to draw from the evidence. Such comments are not improper, *United States v. Munoz*, 150 F.3d 401, 414-15 (5th Cir. 1998), and counsel was not ineffective for failing to object to them. Further, to the extent that Hartzog complains about the prosecutor's questioning of a United States Marshal about statements Black made to her, Hartzog's counsel did lodge an objection, and the matter was heard outside the presence of the jury. Tr. 838-42. The fact that the Court ultimately overruled counsel's objection does not reflect in any way on the effectiveness of counsel's representation.

> b. Counsel's failure to object to the incarcerated witnesses being
> held together during trial, where they could discuss their testimony.

Several of the prosecution's witnesses were co-conspirators who had decided to plead guilty and cooperate with the government. These witnesses were therefore in custody and had to be housed in the secure holding area while the trial proceeded. There is a limited amount of secure holding space in the courthouse, and the U.S. Marshals were properly concerned with maintaining control over the incarcerated witnesses. Hartzog's counsel questioned one of the incarcerated witnesses - Kendrick Applewhite - about the conversations in the holding cells during trial.

> Q. And everybody's comparing what they're saying to what the other ones are saying; right, in your presence?
>
> A. If that's how you want to say it, yes, sir.
>
> Q. Well, I'm asking you if - -
>
> A. Yes, sir.
>
> Q. - - that's true. That is, isn't it? Everybody's back there getting on the same page, aren't they?
>
> A. No, sir.
>
> Q. They're not?
>
> A. No, sir.
>
> Q. They're discussing what they're saying and what they're gonna say; right?
>
> A. Right.

Tr. 567-68.

Thus, counsel brought this issue to the attention of the jury. During redirect, the prosecutor elicited testimony to the effect that Applewhite's testimony conformed to what he had earlier stated to DEA agents and the prosecutor. Tr. 578-79. It was clear that Applewhite, and all of the incarcerated witnesses, were testifying in exchange for favorable treatment from the government. A failure to be truthful would have resulted in less favorable treatment from the government. Together, counsel and the prosecutor brought attention to the witnesses' opportunity to communicate with one another, as well as their motivation to be truthful on the stand. The jury had the opportunity to consider this information when judging the credibility of the incarcerated witnesses. The Court finds no ineffective assistance of counsel under these circumstances.

Finally, Hartzog argues that to the extent that any issues raised in this motion were insufficiently raised on appeal, appellate counsel could have raised them, and his failure to recognize the issues or raise them on appeal constitutes ineffective assistance of counsel so that Hartzog is not barred from raising them in this post-conviction proceeding. Counsel is not deficient for not raising every non-frivolous issue on appeal. *See United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999). Instead, to be deficient, the decision not to raise an issue must fall "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. This reasonableness standard requires counsel "to research relevant facts and law, or make an informed decision that certain avenues will not prove fruitful. Solid, meritorious arguments based on directly controlling precedent should be discovered and brought to the court's attention." *Williamson*, 183 F.3d at 462-63 (citations omitted). Additionally, "[w]hen a claim of ineffective assistance of counsel is premised on counsel's failure to raise an issue on appeal, 'the

prejudice prong first requires a showing that [the Fifth Circuit] would have afforded relief on appeal .'" *United States v. Reinhart*, 357 F.3d 521, 530 (5th Cir. 2004) (quoting *United States v. Phillips*, 210 F.3d 345, 350 (5th Cir. 2000)).

The Court has analyzed all of Hartzog's grounds for relief and found none that is meritorious. The government presented overwhelming evidence of Hartzog's guilt. He has shown no reasonable probability that, but for the alleged deficiencies of counsel, the outcome of his trial or appeal would have been different. He presents nothing to undermine confidence in the verdict or sentence. Consequently, the claimed ineffective assistance of appellate counsel entitles Hartzog to no relief under Section 2255.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion [210] of Petitioner Malcolm Hartzog to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 13th day of March, 2009.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE