IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

UNITED STATES OF AMERICA

v.                                          CAUSE NO. 2:04CR22-LG-MTP-2

MALCOLM CHARLES HARTZOG

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANT'S MOTION FOR SENTENCE REDUCTION
<u>PURSUANT TO THE FIRST STEP ACT</u>**

**BEFORE THE COURT** is the [341] Motion for Sentence Reduction Pursuant to the First Step Act filed by the defendant, Malcolm Charles Hartzog. The Government has filed a response to the Motion, and the defendant has filed a reply. After reviewing the submissions of the parties, the record in this matter, and the applicable law, the Court finds that Hartzog's Motion should be denied without prejudice for failure to exhaust administrative remedies.

## BACKGROUND

On December 9, 2004, a jury found Hartzog guilty of one count of conspiracy to knowingly and intentionally possess with intent to distribute less than 500 grams of cocaine hydrochloride and in excess of 50 grams of cocaine base, also known as "crack." (Special Verdict Form at 1-3, ECF No. 132). The jury also found him guilty of one count to possess with intent to distribute cocaine hydrochloride. (*Id.* at 4). The Court sentenced Hartzog to life imprisonment as to the conspiracy conviction and 360 months of imprisonment as to possession conviction. (J., ECF No. 147). The Court also imposed periods of supervised release of ten years for the conspiracy

conviction and six years for the possession conviction. (*Id.*). A $200 special assessment was also imposed. (*Id.*). Hartzog appealed, but the United States Court of Appeals for the Fifth Circuit affirmed his conviction. (J., ECF No. 193).

On December 19, 2016, Hartzog's sentence was commuted to 360 months of imprisonment via an Executive Grant of Clemency. (Executive Grant of Clemency, ECF No. 326). His sentence was further reduced to 324 months pursuant to Fed. R. Crim. P. 35. (Am. Order, ECF No. 331). Hartzog's current release date is June 25, 2027. He has been on home confinement for almost two years. He now seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), asserting that he has been diagnosed with breast cancer, and actions taken by the Bureau of Prisons have interfered with his medical treatment. He asks the Court to reduce his sentence so that he "can move freely to take care of his medical situation." (Def.'s Mot. at 2, ECF No. 341).

## DISCUSSION

The First Step Act provides that a court may not grant a defendant's request for a reduced sentence unless (1) the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility; (2) the court has considered the factors set forth in 18 U.S.C. § 3553(a); and (3) the court has determined that extraordinary and compelling reasons warrant a such a reduction. 18 U.S.C. § 3582(c). Thus, "those who seek a motion for compassionate relief under the First Step Act must

first file a request with the BOP." *United States v. Franco*, 973 F.3d 465, 469 (5th Cir.), *cert. denied*, 141 S. Ct. 920, 208 L. Ed. 2d 466 (2020). This is a mandatory requirement, and the court must enforce the rule as long as the government properly raises it. *Id.* at 468.

The Government has properly raised the exhaustion requirement in its response. (Gov't's Resp. at 3 n.4, ECF No. 343). Hartzog has failed to produce any documentation indicating that he has complied with this requirement, and he claims that he was unable to exhaust his administrative remedies because he is under "home confinement". However, an inmate, even one on home confinement, remains in the custody of, and under the jurisdiction of the BOP. *United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (citing *United States v. Ko*, 739 F.3d 558, 561 (10th Cir 2014)); *see also Tapia v. United States*, 564 U.S. 319, 331 (2011) ("When a court sentences a federal offender, the BOP has plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment . . . ."). Since Hartzog did not comply with the statute's exhaustion requirement before he filed his Motion seeking compassionate release, his Motion must be denied at this time without prejudice.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the [341] Motion for Sentence Reduction Pursuant to the First Step Act filed by the defendant, Malcolm Charles Hartzog, is **DENIED WITHOUT PREJUDICE** for failure to exhaust administrative remedies.

-4-

**SO ORDERED AND ADJUDGED** this the 2nd day of August, 2022.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE